United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                                  Hon. Terrence Berg

v.

                                  Case No. 20-cr-20453

D-1 DESTINY ARRINGTON,

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Destiny Arrington ("the defendant" or "ARRINGTON"), have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count One of the Indictment. Count One charges the defendant with Conspiracy to Commit Health Care Fraud under 18 U.S.C. §§ 1349 and 1347.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which she is

pleading guilty carries no minimum statutory penalty, and the

following maximum statutory penalties:

| Count One | Term of imprisonment: | Up to 10 years |
|-----------|------------------------|----------------|
|           | Fine: | Up to $250,000 or twice the pecuniary loss or gain |
|           | Term of supervised release: | Up to 3 years |

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States will move to dismiss any

remaining charges in the indictment against the defendant in this case.

## 4.    Elements of the Count of Conviction

The elements of Count One are:

**First:**    The defendant knowingly devised a scheme or artifice

to defraud a health care benefit program in connection with the

delivery of or payment for health care benefits, items, or services;

**Second:**    The defendant executed or attempted to execute this

scheme or artifice to defraud; and

**Third:**    The defendant acted with intent to defraud.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Between approximately April 2017 and September 2020, in Wayne County in the Eastern District of Michigan and elsewhere, the defendant, ARRINGTON, knowingly conspired with Ebony Harvey-Jackson ("Harvey-Jackson") and others to submit false and fraudulent claims to Medicare for psychotherapy services that were not medically necessary, not rendered, and not eligible for Medicare reimbursement.

From at least April 4, 2017 through at least September 23, 2020, ARRINGTON owned Peaceful Hearts Adult Day Treatment, LLC ("PHADT") and from at least July 19, 2018 through at least September 23, 2020, ARRINGTON co-owned Peaceful Hearts Adult Daycare2, LLC ("PHADC2") with Harvey-Jackson. Both PHADT and PHADC2 submitted claims to Medicare for psychotherapy services purportedly provided to Medicare beneficiaries.

From at least January 14, 2019 through September 23, 2020, ARRINGTON knowingly caused Medicare to be billed for psychotherapy

services provided by ineligible providers (*e.g.* unlicensed individuals or non-Master's level social workers) to patients at PHADT and PHADC2. ARRINGTON and others disguised these improper billings by falsely purporting to Medicare that Harvey-Jackson or another employee with Master's-level credentials had provided the service. These billings are fraudulent because they were not provided as described, were provided by ineligible individuals, and/or they were not medically necessary.

In total, ARRINGTON submitted, and caused to be submitted, approximately $1,416,231 in false and fraudulent claims to Medicare, resulting in payment of approximately $562,649 by Medicare.

## 6.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.      The right to be presumed innocent and to require the
government to prove the defendant guilty beyond a reasonable
doubt at trial;

E.      The right to confront and cross-examine adverse witnesses
at trial;

F.      The right to testify or not to testify at trial, whichever the
defendant chooses;

G.      If the defendant chooses not to testify at trial, the right to
have the jury informed that it may not treat that choice as
evidence of guilt;

H.      The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that her conviction here may carry
additional consequences under federal or state law. The defendant
understands that, if she is not a United States citizen, her conviction
here may require her to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

The Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a

beneficiary under any Federal health care program, including Medicare and Medicaid.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- Loss Amount of Between $550,000 and $1,500,000 (U.S.S.G. § 2B1.1(b)(1)(J))

- Federal Health Care Offense Exceeding $1,000,000 (U.S.S.G. § 2B1.1(b)(7))

- Sophisticated Means (U.S.S.G. § 2B1.1(b)(10))

- Aggravating Role (U.S.S.G. § 3B1.1(c))

### D. Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

- The intended loss amount resulting from the defendant's actions is approximately $1,416,231.

- The actual loss amount resulting from the defendant's actions is approximately $562,649.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties'

recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D.

The government likewise has no right to withdraw from this agreement

if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

A. **Court's Obligation**

The defendant understands that in determining her sentence, the

Court must calculate the applicable guideline range at sentencing and

must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and

apply any applicable mandatory minimums.

B. **Imprisonment**

1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the

government recommends that the defendant's sentence of imprisonment

on Count One not exceed the midpoint of the defendant's guideline

range as determined by the Court.

2. **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not

binding on the Court. The defendant understands that she will have no

right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation.    The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph

9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense.

The parties have agreed that the defendant shall pay restitution to the victim in this case (the United States Department of Health and Human Services) in the amount of $562,649.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), without contest, any and all right, title, and interest, she may possess in property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme underlying the violation of Count One of the Indictment. Such property includes, but is not limited to:

- $4,871.00 in funds from Bank of America Account No. 375015524918 held in the name of Peaceful Hearts Adult Day Treatment LLC; and

- A money judgment in the amount of $178,692.07, representing the total value of the property subject to forfeiture for the defendant's violation of Count One of the Indictment. The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets as she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise (collectively, "Subject Property").

The defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the above Subject Property, including the Court's prompt entry of a Preliminary Order of Forfeiture, following the defendant's guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the Government. The defendant agrees

that the forfeiture order(s) will become final as to her at the time entered by the Court.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time her guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver clear title to

the Subject Property to be forfeited to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not transferred, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in any of the property to be forfeited to the United States, the defendant will assist in obtaining a release of interest from any such other person or entity. The defendant agrees that she will not contest the forfeiture of the above referenced property through other entities, to include companies she owns or otherwise controls. The defendant further agrees that she will not assist any third party in asserting a claim to the Subject Property in any forfeiture proceeding (judicial or non-judicial) and that she will testify truthfully in any judicial forfeiture proceeding if requested to do so by the government.

Further, the defendant hereby releases, remises and discharges the United States of America, and any of its agencies involved in this matter, including, but not limited to, the Federal Bureau of Investigation, the United States Marshals Service, the United States Attorney's Office, and their agents, officers and employees, past and

present, from all claims or causes of action which defendant and her agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action and the seizure, detention and forfeiture of the Subject Property.

The defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, detention and forfeiture of property covered by this Plea Agreement.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of expected guideline range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea(s), or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the

Page **18** of **22**

conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the Criminal Division of the United States Department of Justice.

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.     Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 6:00 p.m. on January 28, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

DAWN N. ISON
United States Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

ALLAN J. MEDINA
Chief, Health Care Fraud Unit
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan


/s/ Steven Scott
STEVEN SCOTT
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9619
Steven.scott@usdoj.gov



Dated: January 5, 2022

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

Stefanie L. Lambert
Attorney for Defendant

Destiny Arrington
Defendant

Dated:

[Draft - Privileged and Confidential]

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

Stefanie L. Lambert   1/27/22
Attorney for Defendant

Destiny Arrington   1/27/22
Defendant

Dated: